From: The District Court of the Third Judicial District. County of Deer Lodge.

STATE OF MONTANA, Plaintiff, vs. ROBERT JACKSON, Defendant.

NO. 2705

## DECISION

The application of the above-named defendant for a review of the sentence of seven years for 1st degree burglary with 79 days jail time credit, imposed on August 27, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The last two years of the sentence be suspended and during that period of time the defendant be placed under the supervision and control of the State Board of Pardons subject to all of its rules and regulations.

While it is true that the presumption is that the sentencing judge was correct in his determination, and he may well be in this case, and it is true that the sentence in this case could have been up to 15 years, nevertheless, it has been made to appear to this Court that the interests of justice, the individual, the crime, and the sentencing goals kept in mind, may be better served by making possible an earlier supervised release of the defendant.

We thank Bill Berger, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; and Paul G. Hatfield.

From: The District Court of the Fourth Judicial District. County of Missoula.

STATE OF MONTANA, Plaintiff, vs. HARVEY LORD, Defendant.

NO. 3376/25

## DECISION

The application of the above-named defendant for a review of the sentence of five years for second degree burglary, imposed on April 5, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

It being presumed that the sentencing judge was correct in his determination, it does not appear that this sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that defendant has already received two paroles from this sentence and violated both. Further, defendant will be eligible again for parole consideration in April, 1970.

That there may have been a co-defendant who did not receive a prison sentence does not indicate that defendant's sentence was improper.

We thank Ted Thompson, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.